IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNIS KLIPPING**,
        Plaintiff

v.                                                                            No. 10-cv-650 MCA/LFG

**RAY LAHOOD, Secretary,**
**Department of Transportation, and**
**THE DEPARTMENT OF**
**TRANSPORTATION,**
        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the *United States of America's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Or, In the Alternative, For Summary Judgment Pursuant to Fed. R. Civ. P. 56*, filed February 24, 2011 [Doc 26]. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the *Motion*.

**I.    BACKGROUND**

Plaintiff previously worked for the Federal Aviation Administration, and at some point, he brought a claim under the Age Discrimination in Employment Act (ADEA), before the Equal Employment Opportunity Commission (EEOC). The EEOC denied Plaintiff's request for reconsideration of the denial of his claim on January 22, 2009 and further notified Plaintiff that he had 90 days from the receipt of that denial to file a civil

action in the appropriate United States District Court. [Doc 27-1 at 1-2]

Plaintiff filed suit in this Court, in a case before United States District Judge Herrera, on April 16, 2009 (the 2009 case), 84 days after the EEOC issued its final decision. [CIV No. 09-368, Doc 1]. After the issuance of an order to show cause and an extension of time to properly serve Defendants, Judge Herrera dismissed the 2009 case, without prejudice, because the Court's record did not reflect Plaintiff's Proof of Service. [CIV No. 09-368, Docs 7, 8, 9 & 10] On June 6, 2010, Plaintiff moved for reconsideration of the dismissal, citing a motorcycle accident suffered by his counsel, as well as office computer difficulties. [CIV No. 09-368, Doc 11] Judge Herrera denied the motion, observing that the extension of time to properly serve Defendants expired in November 2009 and that Plaintiff's counsel did not explain how a December 2009 motorcycle accident compromised his ability to comply with a November deadline. [CIV No. 09-368, Doc 13]

On July 9, 2010, Plaintiff refiled his complaint, initiating the cause of action that is currently before the Court. [Doc 1] United States Magistrate Judge Puglisi issued an order to show cause on October 20, 2010, requiring Plaintiff to again show cause why the action should not be dismissed for failure to execute proper service. [Doc 5] Plaintiff's counsel responded, citing office personnel issues. [Doc 13] Proper service was effected, and Defendants filed an answer to the complaint. [See Docs 19-21, 22]

On February 24, 2011, Defendants filed the present *Motion* and argue that Plaintiff failed to file his action in this Court within the mandatory time frame contemplated by the

ADEA.  Plaintiff responds that the ADEA does not incorporate a mandatory filing period or, in the alternative, that equitable tolling should apply.

**II.     ANALYSIS**

Motions to dismiss are evaluated under Federal Rule of Civil Procedure 12(b)(6).  In order to withstand a motion to dismiss made pursuant to Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991).  Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  GFF Corp., 130 F.3d at 1384.

"In addition to the complaint, the . . . [C]ourt may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).  Thus, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp., 130 F.3d at 1384.  The Court "'may also take judicial notice of matters of public record' without converting a 12(b)(6)

motion into a motion for summary judgment." Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

Attached to Defendants' *Motion* is a copy of the January 22, 2009 EEOC denial of Plaintiff's motion for reconsideration. [See Doc 27-1] Plaintiff does not dispute the authenticity of this document and it is clearly central to Plaintiff's complaint. Accordingly, the Court will consider the EEOC denial, without converting Defendants' *Motion* into a motion for summary judgment. Also attached to Defendants' *Motion* is an affidavit, sworn by Eric E. Anderson, the attorney who represented Defendants during the administrative process. [See Doc 27-2] Defendants do no rely on the factual information presented by means of this affidavit. As the affidavit is not central to Plaintiff's complaint and is not incorporated by reference, the Court need not—and does not—consider the contents of the affidavit.

Plaintiff brings his cause of action under 29 U.S.C. §§ 626 and 633a of the ADEA. [Doc 32 at 2] The ADEA allows for two methods of for pursuing an age discrimination claim. Jones v. Runyon, 32 F.3d 1454, 1455 (10th Cir. 1994). A plaintiff may "bring the action directly to federal district court in the first instance, so long as the employee gives the EEOC notice of intent to sue within 180 days of the alleged discriminatory act and then waits thirty days before filing the action." Id. Alternatively, a plaintiff may "invoke the EEOC's administrative process and then file a civil action in federal district court if unsatisfied with administrative remedies." Id. In the present case, Plaintiff chose the second route—to participate in the administrative process and then to initiate a civil

action in this Court.

The ADEA does not provide a mandatory time frame for filing an action in district court, after having pursued the administrative remedy with the EEOC. Id. ("The ADEA, however, is silent on how long action may be filed in district court after a final agency decision."). Nevertheless, our Circuit has long applied the mandatory filing limitation found in Title VII, 42 U.S.C. § 2000e-16(c), to Section 633a ADEA claims that are first prosecuted by way of the administrative process. Jones, 32 F.3d at 1458 (holding that "the district court properly applied the analogous limitations period of Title VII, 42 U.S.C. § 2000e-16(c), to [the plaintiff's] ADEA claim, 29 U.S.C. § 633a"); see Ashbury v. Green, 582 F.Supp.2d 1323, 1330-31 (D.N.M. 2008) (declining to extend the Title VII limitation period to the administrative bypass route).

Under the current version of Section 2000e-16(c), a plaintiff may file a civil action, after an EEOC determination, within 90 days of the final disposition of his complaint. Accordingly, because Plaintiff first pursued his complaint with the EEOC, he was required to file a civil action in this Court within 90 days of the final disposition of his EEOC complaint. See Ashbury, 582 F.Supp.2d at 1328 ("In cases involving federal employees who pursue ADEA claims through the administrative process, courts, including the 10th Circuit, have frequently found the Title VII limitations period most analogous and, therefore, have adopted it.").

There is no dispute that the 2009 case, before Judge Herrera, was filed within 90 days of the EEOC final decision. Defendants, however, contend that because the 2009

case was dismissed without prejudice, that suit is "treated as never having been filed." [Doc 27 at 8] Therefore, according to Defendants, the time should be counted from January 22, 2009 through the filing of the present complaint on July 9, 2010. Plaintiff responds that equitable tolling should apply, based on his counsel's debilitating motorcycle accident and office-staff mishaps, but he does not expressly state what period of time should be tolled. He generally argues that he is entitled to have his case heard on the merits and that EEOC time limits are not "jurisdictional." [Doc 32 at 6]

In Zipes v. Trans World Airlines, Inc., 455 U.S. 384 (1982), the Supreme Court of the United States held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id. at 393; see Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996) ("It is well settled that the 90-day period for filing a civil lawsuit after final disposition of a complaint by the EEOC is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling . . . ." (internal quotation marks and citation omitted)). With regard to equitable tolling,

> [t]he Tenth Circuit has generally recognized equitable tolling of Title VII time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

Id. (alteration in original) (internal quotation marks and citations omitted).   Indeed, federal courts, explained the Supreme Court of the United states, "have typically extended equitable relief only sparingly."  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  In that case, a plaintiff argued for equitable tolling because his attorney was not present at the office when the EEOC notice was received, and the civil complaint was filed 30 days from the time the attorney personally received the notice.  Id.  The Irwin Court held that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."  Id.

    Plaintiff argues that equitable tolling should apply because in December 2009, his attorney suffered tremendous injury in a motorcycle accident and in the ensuing months, the attorney's office computer server crashed, rendering documents unavailable for a period of time.  Plaintiff's 2009 complaint was filed on April 16, 2009 and was not properly served on Defendants.  An order to show cause was issued, and Plaintiff responded, requesting an extension of time to properly serve.  He was granted an extension of time until November 2009, but he did not execute service on Defendants.  It was at this point, in December 2009, that Plaintiff's counsel was involved in the motorcycle accident.  At no time has he explained or justified why the 2009 case was seemingly abandoned in November 2009.

    The EEOC notice clearly states that Plaintiff had 90 calendar days to file a civil action in an appropriate United States District Court.  [Doc 27-1]  There is no allegation that Plaintiff was lulled into inaction or was actively misled.  Nor has Plaintiff

demonstrated that his attorney's misfortunes prevented him from asserting his rights in an "extraordinary way." Biester, 77 F.3d at 1267 (internal quotation marks and citation omitted). Further, after his motion for reconsideration was denied by Judge Herrera in June 2010, Plaintiff waited approximately four weeks to refile his case, in July 2010. At the time the 2009 case was filed, 84 days had expired on the filing period. Even if this Court were to find that equitable tolling should apply to exclude the time spent on the 2009 case, in order to comply with the 90-day filing period, Plaintiff was required to file the present cause of action within six days of the denial of the motion for reconsideration. Plaintiff has provided no explanation for the four-week delay between the cases, much less an explanation that would support the application of equitable tolling to that period between June 2010 and July 2010.

### III.   CONCLUSION

Our Circuit has determined that the Title VII 90-day filing period applies in cases brought pursuant to Section 633a of the ADEA, at least in circumstances such as the present, where a plaintiff first pursued administrative remedies. Accordingly, Plaintiff was required to file a civil action in this Court within 90 days of receiving notice of final dismissal from the EEOC. Plaintiff failed to demonstrate the equitable tolling should prevent the application of the 90-day period.

**IT IS THEREFORE ORDERED** that *United States of America's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) Or, In the Alternative, For Summary Judgment Pursuant to Fed. R. Civ. P. 56* [Doc 26] is **GRANTED**.

**SO ORDERED** this 10th day of May, 2011, in Albuquerque, New Mexico.

                                                                                 M. CHRISTINA ARMIJO
                                                                                 United States District Judge